Beck, J.
1. contract : abandonment: partnership. The objections raised by appellants to the judgment of the district court are based upon two instructions given to the jury. They are in the „ .. . . following words i
“ The written agreement in evidence was made between plaintiff and the defendants, Nicholson & McOrea, and if you believe that the partnership of -Nicholson & McCrea was dissolved, the plaintiff was not bound to continue the agreement after such dissolution.”
“ If you believe that the partnership between the defendants was dissolved before the foreclosure of the mortgage and the suing out of the writ of attachment, and that the property of the partnership in the dissolution became the individual property of the defendant Nicholson, then the defendants cannot recover any damages in this, suit for any thing done by plaintiff after the dissolution of the partnership.”
In our opinion these instructions are not objectionable. The plaintiff contracted with both of the defendants; he had a right to rely upon the responsibility, integrity and business ability of both, to insure his protection in the performance of the contract. The party who withdrew from the firm may have been the one upon whom he most relied, and whose connection with the business induced him to enter into the contract. At all events, having contracted with both, the withdrawal of one from the firm, and the conveyance of all his interest therein to the other, was an abandonment, on the part of defendants, of the agreement, and justified plaintiff in considering it as no longer binding upon himself. He had the right to demand that it be performed by the parties with whom he contracted, and not by one of them.
If one of the defendants had conveyed all his interest in the firm property to the other, and the firm was dissolved 3. — parties, before the foreclosure of the mortgage and attachment, it is very clear that, under the evidence, the *402 retiring partner is entitled to recover nothing on account of the foreclosure and attachment, even in case each had been wrongful. He had parted with all his interest in the firm, property, which, as we understand the evidence, was taken upon the mortgage and attachment. He could not therefore recover for the wrongful taking of propei'tp in which he had no interest. Nicholson may have been entitled to recover upon the cross-demand, but McCrea was not. They could not therefore join in an action, nor in the cross-demand to recover damages to which Nicholson only was entitled, claiming the recovery jointly. In this view there is no error in the instructions above set out.
Affirmed.